IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 07-324 |
| | ) See Civil Action No. 08-1538 |
| RODDELL JERMAINE SMALLS, | ) |
| | ) |
| Defendant/petitioner. | ) |

O R D E R

AND NOW, this 30th day of March, 2009, upon consideration of Petitioner Roddell J. Smalls' pro se "Motion to Concede Ineffectiveness Claim" (document No. 106) filed in the above-captioned matter on January 12, 2009,

IT IS HEREBY ORDERED that said Motion is GRANTED, and the Court will deem Petitioner to have waived the claims of ineffective assistance of counsel raised in his "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 101).

AND FURTHER, upon consideration of Petitioner Roddell J. Smalls' pro se "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 101) and memorandum in support thereof (document No. 102) filed in the above-captioned matter on November 4, 2008, and upon further consideration of the Government's response thereto (document No. 105),

IT IS HEREBY ORDERED that said Motion is DISMISSED.

The indictment in this case charged Petitioner with two counts of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Section 846. On December 20, 2007, Petitioner changed his previous plea of not guilty to a plea of guilty as to Count One of the indictment. In connection with his change of plea, he and the Government entered into a plea agreement (document No. 80) which included the following provision:

> Roddell Jermaine Smalls waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, Roddell Jermaine Smalls may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Roddell Jermaine Smalls may take a direct appeal from the sentence.
>
> Roddell Jermaine Smalls further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

The Court accepted Petitioner's plea, and he was subsequently sentenced to 71 months' imprisonment and four years' supervised release. No appeal was filed. Petitioner proceeded to file the

present motion seeking to vacate his sentence under 28 U.S.C. § 2255. Further, after the Government's response to his motion, he filed a "Motion to Concede Ineffectiveness Claim" (document No. 106), in which he concedes the claims of ineffective assistance of counsel raised in his original motion.[1]

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law ...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence." However, in this case, it is not necessary for the Court to consider the merits of Petitioner's claims under Section 2255 because, pursuant to the plea agreement in this case, Petitioner has clearly and unambiguously waived his right

---

[1] On November 5, 2008, the Court, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. Since Petitioner has never responded to this order, the Court proceeded to consider his motion as filed.

3

to file a motion under Section 2255 or to otherwise seek collateral relief.

A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38. In the present case, Petitioner does not allege, much less present evidence suggesting or establishing, that he entered into the waiver contained in the plea agreement unknowingly or involuntarily. Further, Petitioner does not allege that enforcing the waiver will work a miscarriage of justice.[2]

Moreover, the Court's independent evaluation of the validity of the collateral waiver has not identified any reason why

---

[2] It should be noted that, as mentioned above, Petitioner has conceded his ineffective assistance of counsel claims. The only claim he now raises is that the Court erred in sentencing him to an unreasonable sentence that was unreasonably disparate from that of a similarly situated co-defendant. Nonetheless, his ineffective assistance of counsel claims primarily addressed the issue of the failure of his counsel to file an appeal to his conviction and sentence, despite the waiver contained in the plea agreement, and this very situation was addressed by the Third Circuit in Mabry. Accordingly, even if Petitioner had not abandoned his ineffective assistance of counsel claims, the rationale would remain the same.

4

the waiver should not be enforced. It is evident from the transcript of the change of plea hearing in this case that, before accepting Petitioner's plea agreement, this Court assured itself that Petitioner had not been threatened to enter into the agreement and that no one had made any promises other than those contained in the plea agreement that induced him to plead guilty. The Government attorney explained in open court that Petitioner was waiving his right to file a motion to vacate his sentence under Section 2255, and Petitioner stated that he had agreed to the terms as stated by the Government attorney. In addition, the Court directly questioned Petitioner as to whether he understood that he had entered into an agreement in which he waived his right to file a motion to vacate his sentence or any other collateral proceeding attacking his conviction or sentence, and he answered in the affirmative. Furthermore, Petitioner signed the plea agreement and acknowledged, both in writing and to the Court verbally, that he had reviewed the plea agreement himself and discussed it with his attorney. Accordingly, nothing in the record demonstrates anything other than a knowing and voluntary waiver.

Likewise, there is nothing in the record that would suggest that enforcement would work a miscarriage of justice. Indeed, review of Petitioner's arguments and the record demonstrates that his remaining issue has no merit. Contrary to his conclusory assertions, a review of the record of this case in regard to both

Petitioner and his co-defendant Cecil Lee Pinnix, demonstrates that the two are, in fact, not similarly situated and that the differences between their respective situations account for the relatively minor differences between the sentences each received. The Court further notes that Petitioner received several substantial benefits from entering into the plea agreement, including the Government's agreement to move to dismiss Count Two of the indictment and to refrain from filing an information pursuant to 21 U.S.C. § 851, stating prior convictions as a basis for increased punishment. Enforcing the plea agreement, therefore, is highly advantageous to Petitioner and further demonstrates that no miscarriage of justice will result from enforcement.

Accordingly, Petitioner's motion is dismissed. Further, because the Court does not reach the merits of Petitioner's claims, there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

                                     _McVerry_
                                   United States District Judge
                                   (For Judge Alan N. Bloch)

ecf:       Counsel of record

cc:        Roddell Jermaine Smalls
            #04929-068
            FCI Allenwood - Medium
            P.O. Box 2000
            White Deer, PA 17887